IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DAVID CLAY COLEMAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:20-cv-00101 |
| | ) |
| v. | ) **ORDER** |
| | ) |
| WAL-MART STORES EAST, LP, | ) By:  Hon. Thomas T. Cullen |
| | )         United States District Judge |
| Defendant. | ) |

On December 24, 2020, *pro se* Plaintiff David Clay Coleman filed a complaint alleging that Defendant Wal-Mart Stores East, LP ("Wal-Mart") fired him because his employer-subsidized healthcare cost too much. (*See* ECF No. 1 at 4 ("This case is a discrimination [sic] based on medical leave of absence due to my glaucoma and claims totaling around $540,000 or more.").) Wal-Mart moved to dismiss Coleman's complaint for failure to state a claim. (ECF No. 9.) On May 7, 2021, the court granted Wal-Mart's motion and dismissed Coleman's complaint without prejudice. (ECF No. 15.) The court gave Coleman 30 days to file an amended complaint "set[ting] forth all of the facts and claims he wishes to press (including the statutory or common-law bases for those claims) in a single document." (*Id.* at 3.)

Coleman missed that deadline. "Rather, on June 8, 2021, he filed what appears to be an additional, and untimely, opposition to the motion to dismiss." (ECF No. 19 at 1.) This additional opposition "did not offer any additional facts or allegations that would cure the deficiencies in his original complaint that the court identified in its May 7 Order." (*Id.*) Although Coleman did not comply with the May 7 Order, the court "nevertheless g[a]ve

Coleman one final chance to file an amended complaint." (*Id.* at 2.) That extension came with the requirement that any amended complaint "set forth all of the facts and claims [Coleman] wishes to press—*including the statutory or common-law bases for those claims*." (*Id.* (emphasis original).)

On July 23, 2021, Coleman timely filed his amended complaint. (ECF No. 20.) Wal-Mart again moved to dismiss, arguing that Coleman had failed to plead sufficient facts to support a claim for wrongful termination in violation of public policy under Virginia law. (ECF. Nos. 21, 22.) Coleman filed an opposition to the motion to dismiss. (ECF No. 24.) In its reply brief, Wal-Mart further argued that Coleman's amended complaint did not state claims for either (1) disability discrimination under the Americans with Disability Act of 1990, as amended, 42 U.S.C. § 12112, or (2) retaliation under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1140. (ECF No. 25 at 3–4.)

The court declined to resolve that motion to dismiss on its merits due to concerns about its jurisdiction to do so. (*See* ECF No. 26.) Instead, in a September 7, 2021 Order, the court instructed Coleman to "file a second amended complaint within 10 days" and "clearly explain the basis for the court's jurisdiction." (*Id.* at 1.) It further advised Coleman that a failure to explain the court's jurisdiction would "result in dismissal without further notice." (*Id.*)

On September 17, 2021, Coleman timely filed his second amended complaint. (ECF No. 27.) But his filing lacks any discussion of the court's jurisdiction. (*See id.*) Wal-Mart moved for dismissal under Rules 12(b)(1) and 12(b)(6). (ECF No. 30.) In response, Coleman filed an opposition brief, which again failed to address the court's jurisdiction. (*See* ECF No. 32.) Wal-Mart filed a reply brief noting "[Coleman's] failure to respond to [Wal-Mart's] arguments . . . and the Court's directive to plead jurisdiction." (ECF No. 33 at 2.)

Coleman's second amended complaint has failed to identify a basis for the court's jurisdiction. No jurisdictional basis is apparent to the court, which had previously advised Coleman that failing to "explain the basis for the court's jurisdiction . . . will result in dismissal without further notice." (ECF No. 26 at 1 (citing Fed. R. Civ. P. 12(h)(3) and *Yarbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).) Accordingly, the court will dismiss Coleman's second amended complaint with prejudice for both a failure to comply with Federal Rule of Civil Procedure 8, which requires pleadings contain "a short and plain statement of the grounds for the court's jurisdiction," and a failure to comply with this court's September 7 Order. *See* Fed. R. Civ. P. 41(b) (allowing federal courts to dismiss civil actions for either reason upon defendant's motion); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962).

Accordingly, it is hereby **ORDERED** that Wal-Mart's motion to dismiss (ECF No. 30) is **GRANTED** and Coleman's second amended complaint is **DISMISSED** with prejudice. The case will be **STRICKEN** from the court's active docket.

The clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 1st day of November, 2021.

                                            */s/ Thomas T. Cullen*
                                            HON. THOMAS T. CULLEN
                                            UNITED STATES DISTRICT JUDGE